(No. 2201—

MARY HENNESSEY, ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1936.*

Claimants, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

John Hoare who was in the military service of the United States from May 31st, 1918 to July 21st, 1919, filed his claim with the Service Recognition Board on January 18th, 1925 for compensation under the provisions of the Illinois Bonus Act. The claim was approved and a warrant in the amount of $208.50 was drawn in his favor on October 30th, 1923 and forwarded to his address. However, John Hoare had died prior to the issuance of said warrant, which was thereafter returned to the Auditor of Public Accounts, and on his order was cancelled on December 4th, 1929.

Said John Hoare left him surviving Mary Hennessey, Patrick Hoare, Maggie Campus, Martin Hoare, and Nellie Fathke, his brothers and sisters, as his only heirs at law.

In 1927 the Legislature terminated the Service Recognition Board by an Act entitled "An Act Terminating the Service Recognition Board, and making provisions for the payment of certain claims for compensation" (Smith-Hurd Revised Statutes, 1935, Chap. 126½, Sec. 15-I).

Section three (3) of such Act provides as follows:—

"In all cases where claims for compensation have been heretofore or are hereafter allowed by the service recognition board but payment of compensation has not been made either because the claimant or his heirs have not been found, or any other reason, it is the duty of The Adjutant General, as soon as satisfactory proof is furnished to him, locating or identifying the claimant or his heirs or as soon as the disability preventing payment is removed, to certify such fact to the State Treasurer who shall make payment from the Soldiers' Compensation Fund, in the sum allowed by the Service Recognition Board to the person entitled thereto."

Section four (4) of such Act appropriates the sum of $140,647.50 for the payment of compensation in accordance with the provisions of Section Three (3) thereof.

On May 21st, 1932 the heirs of said John Hoare filed their application with Adjutant General C. E. Black pursuant to the provisions of said Section 3 hereinbefore set forth, and on October 13th, 1932 such application was approved by the Adjutant General. The appropriation made by the aforementioned Act of the General Assembly, however, lapsed on September 30th, 1929, and consequently there was no fund from which a new warrant could have been drawn in payment of the claim, and claimants' only recourse is to this court.

Since the approval of said claim by the Adjutant General as aforesaid, the said Maggie Campus died intestate leaving her surviving Richard Campus, her husband, and Thomas Campus, her son, as her only heirs at law; and the said Mary Hennessey died intestate leaving her surviving James Hennessey, her husband, and Father James Hennessey and Mamie Meegan, her children, as her only heirs at law.

The facts in this case are very similar to the facts in the case of *Knarr* vs. *State* 8 C. C. R. 565, in which an award was allowed, and no reason is suggested why an award should not be allowed in this case.

Award is therefore entered in favor of the several heirs at law of John Hoare, deceased, for the respective amounts due them in accordance with the foregoing, to wit:

Patrick Hoare ............................................... $ 41.70
Martin Hoare ................................................ 41.70
Nellie Fathke .............................................. 41.70
James Hennessey, Father James Hennessey, and Mamie
 Meegan ................................................. 41.70
Richard Campus and Thomas Campus...................... 41.70
 ————

 Total .............................................. $208.50